### TRAMMELL v. ROME MUTUAL LOAN ASSOCIATION.

1. A calculation by way of illustration, based on a stated estimate as to when the stock of a building and loan association would mature, printed in a pamphlet which also contains the by-laws of the association, can not, in defense to a suit by the association, be relied upon to vary the term of the written contract with the association, or as a guaranty of the time within which the stock will mature.
2. The questions made in the present case have been settled by repeated adjudications of this court.   There was no error in any of the rulings of which complaint is made. '

Argued May 11,—Decided June 3, 1903.

Complaint.   Before Judge Henry.   Floyd superior court.   December 19, 1902.

*McHenry & Maddox* and *G. A. H. Harris*, for plaintiff in error.
*Halsted Smith*, contra.

SIMMONS, C. J.   Trammell became a member of a building and loan association.   He first subscribed for ten shares of stock, and shortly thereafter for five more.    He paid his dues, assessments, etc., for eighty-four months, and after that refused to pay anything more, claiming that, under his contract and the guaranty of the as-

sociation, his stock had matured and he was not liable for any further assessments.    The association brought suit against him.    The case was determined against Trammell in the court below, and he brought it to this court by bill of exceptions.

1.    Trammell's defense was in part that he had been induced to enter into the contract with the association by reason of a printed copy of by-laws and regulations of the association, which had been furnished him, and which contained on certain pages the following : " Enquirers will find below illustration showing practical workings of the Rome Mutual Savings & Loan Association.    The experience of all well-managed Loan Associations is that the stock matures in the average time of seven years.    There can be no doubt that this one will not go over that time.    " Illustration showing that the cost of a loan of $1000.00 if obtained ninety days from the date of the certificate :"    (Then follow the calculations used as illustrations.)

Defendant alleged that this representation became a guaranty that the stock would mature within seven years ; and that, as he had complied with his contract for that length of time, his stock was therefore matured.    This part of the answer was demurred to, and the demurrer sustained.    Exceptions pendente lite were filed, and, when the case was finally brought here, error was assigned in the bill of exceptions on these exceptions pendente lite.    The main argument of counsel was that the court erred in striking this plea, it being contended that the representation had become a part of the contract, and was a warranty or guaranty that the stock would mature within seven years.    Counsel for the defendant in error argued that this representation, as set forth in the plea, was not a part of the by-laws of the association, but was merely an advertisement in the same pamphlet or prospectus.    The plea did not allege that the statement and illustration copied above constituted a part of the by-laws, but that it was on certain pages of the printed copy of the by-laws and regulations of the association.    It is clear that this estimate was not a by-law.    By-laws of a corporation are the rules of law adopted by it for its government.    They are made not only to regulate its conduct and that of its officers, but also, in a mutual association like this, to regulate the conduct of its members.    The matter set out in the plea certainly could not have been a by-law. It was more in the nature of a prospectus or advertisement.    It

was addressed to "Enquirers," told of when stock usually matured in well-managed associations, and gave an opinion that this particular corporation would mature its stock in not more than seven years. It then illustrated the results by calculations based on the hypothesis that the stock would mature in eighty-four months. The defendant's written contract was to perform his obligations "until maturity of said shares according to the charter and by-laws of said association." This being true, his contract could not be changed or modified by reason of a statement elsewhere made, especially where such statement is obviously a mere expression of opinion. See *Mut. Life Ins. Co.* v. *Ruse,* and annotations thereto, in 8 *Ga.* (reprint) 534. If defendant wished a guaranty that his stock would mature within seven years, he should have refused to contract unless such a stipulation was inserted in the contract which he signed.

2. The case, after the striking of these pleas, was referred to Judge Joel Branham as auditor. After hearing and considering the case for several weeks, he made a full and exhaustive report, finding in favor of the association. Exceptions of law and fact were filed to this report. All of them were disallowed by the judge, and the case was brought here. After reading the report and the exceptions thereto, we find that no questions are made which have not been repeatedly adjudicated by this court. We deem it useless to take up the exceptions seriatim and again go over the same beaten track. There was no error in any of the rulings of which complaint was made.　　　*Judgment affirmed.　By five Justices.*